Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. LENZINI, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VALENTINE & KEBARTAS, LLC, <br><br> Defendant. | Case No. 3:20-cv-09053 <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.* <br><br> **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES**, CAROL A. LENZINI, individually, and on behalf of all others similarly situated, through counsel, WAJDA LAW GROUP, APC, complaining of VALENTINE & KEBARTAS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for VALENTINE & KEBARTAS' violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. CAROL A. LENZINI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cloverdale, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. VALENTINE & KEBARTAS, LLC ("Defendant") is a professional limited liability company organized under the laws of Massachusetts.

9. Defendant maintains its principal place of business at 15 Union Street, #202, Lawrence, Massachusetts 01840.

10. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

**FACUTAL ALLEGATIONS**

12. At some point, Plaintiff obtained a personal credit card through Credit One Bank, N.A. ("Credit One").

13. Plaintiff made various charges for personal purposes on the Credit One credit card, amassing a balance.

14. Due to unforeseen financial difficulties, Plaintiff fell behind on her monthly payments to Credit One.

15. Eventually, Plaintiff's account fell into default status with an unpaid balance ("subject debt").

16. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

17. Shortly thereafter, upon information and belief, LVNV Funding LLC purchased the subject debt from Credit One and placed the subject debt with Defendant for collection.

18. On November 13, 2020, Defendant sent Plaintiff a collection letter seeking to collect the subject debt ("Collection Letter").

19. The Collection Letter stated, in part, as follows:

INTENTIONALLY LEFT BLANK

> **Valentine & Kebartas, LLC**
> P.O. Box 325 • Lawrence MA 01842-0625
> 800-462-4884
>
> OFFICE HOURS: MONDAY 8AM-9PM
> TUESDAY-THURSDAY 8AM-8PM
> FRIDAY 8AM-5PM
>
> 11/13/20
>
> CAROL LENZINI
> 70 KINGS CIR
> CLOVERDALE CA 95425-3410
>
> Account No.: 01582651
> Current Creditor: LVNV Funding LLC
> Original Creditor: CREDIT ONE BANK, N.A.
> Current Amount Due: $1,012.74
> Last Four Digits of Original Account #: 4759
>
> **SETTLEMENT OFFER**
>
> Dear CAROL LENZINI:
>
> This letter is to inform you of a special offer on the collection account listed above.
>
> Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this time.
>
> ☐ Take advantage of a discount up to 40% off the current balance: $607.64. Make a one-time payment on or before 11/30/2020
>
> ☐ Take advantage of a discount up to 30% off the current balance: $708.92. Make three payments: 1st payment $236.31 due by 11/30/2020, 2nd payment $236.31 due by 12/30/2020, 3rd payment $236.31 due by 01/30/2021
>
> ☐ Take advantage of a discount up to 20% off the current balance: $810.19. Make six payments: 1st payment $135.03 due by 11/30/2020, 2nd payment $135.03 due by 12/30/2020, 3rd payment $135.03 due by 01/30/2021, 4th payment $135.03 due by 02/28/2021, 5th payment $135.03 due by 03/30/2021, 6th payment $135.03 due by 04/30/2021
>
> ☐ Take advantage of paying your balance off $1,012.74 in nine payments: 1st payment $112.53 due by 11/30/2020, 2nd payment $112.53 due by 12/30/2020, 3rd payment $112.53 due by 01/30/2021, 4th payment $112.53 due by 02/28/2021, 5th payment $112.53 due by 03/30/2021, 6th payment $112.53 due by 04/30/2021, 7th payment $112.53 due by 05/30/2021, 8th payment $112.53 due by 06/30/2021, 9th payment $112.53 due by 07/30/2021
>
> Please call 800-462-4884 within 10 days to secure one of the above options. Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.
>
> **Important Notice**
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.
> This communication is from a debt collector.
> PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION
>
> *** Please detach the lower portion and return with your payment ***

20.     The Collection Letter proposed to resolve the subject debt in multiple ways, offering a discount of 40%, 30%, 20%, or to make nine payments over time.

21. Specifically, the Collection Letter stated: "This letter is to inform you of a special offer on the collection account listed above."

22. The Collection Letter created a false sense of urgency to pay because it implied that the offer had certain expiration dates, when in reality the offer was (1) perpetual and (2) extended to hundreds of similarly situated consumers, and thus was by no means a "special offer."

23. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "special offer" would expire on November 30, 2020, thus creating a false sense of urgency to accept the offer before it expired.

24. Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency and coerce Plaintiff into making a prompt payment on the subject debt to avoid missing out on the "special offer."

## DAMAGES

25. There is no question that having clear, unambiguous information regarding payment of a debt is of substantive value and material to Plaintiff's financial affairs. See *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

26. Without this critical information, Plaintiff ran the risk of making a payment that may not satisfy the subject debt completely or in a time frame that would subject Plaintiff to different terms.

27. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. See *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

28. Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA and was harmed as a result thereof.

## **CLASS ALLEGATIONS**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

31. The Putative Class is defined as follows:

> All natural persons residing in the State of California (a) that received a correspondence from Defendant containing similar settlement language described above; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to LVNV Funding.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity:**

33. Upon information and belief, Defendant mailed hundreds of letters with the identical format and language as the letter described above to consumers in California.

34. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

35. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.     Commonality and Predominance:**

36. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality:**

37. Plaintiff's claims are representative of the claims of other members of the Putative Class.

38. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

39. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

42. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

45. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF
### Count I – Violations of Sections 1692e and e(10) of the FDCPA
(On behalf of Plaintiff, individually, and Members of the Putative Class)

46. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

47. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

48. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

49. The Collection Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the discount offer was only open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff.

50. Specifically, the Collection Letter was misleading because Defendant's offers to settle the subject debt were extended to hundreds of similarly situated consumers, and thus were by no means "*special* offer[s]" (emphasis added).

51. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "special offer" was unique to her and would expire imminently, thus creating a false sense of urgency to make payment in the offered amount before the offer expired.

52. As the Seventh Circuit in *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no

further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

53. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

**WHEREFORE**, Plaintiff, CAROL A. LENZINI, individually, and on behalf of all others similarly situated respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Class Members statutory damages;

d. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

e. Awarding any other relief as the Honorable Court deems just and proper.

### Count II – Violations of §1788.17 of the RFDCPA
(On behalf of Plaintiff only)

54. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

55. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

56. As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, CAROL A. LENZINI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    c. Awarding the Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 16, 2020                                         Respectfully submitted,

                                                                                            CAROL A. LENZINI

                                                                                            By: */s/ Nicholas M. Wajda*

                                                                                             Nicholas M. Wajda
                                                                                             **WAJDA LAW GROUP, APC**
                                                                                             6167 Bristol Parkway
                                                                                             Suite 200
                                                                                             Culver City, California 90230
                                                                                             +1 310-997-0471
                                                                                             nick@wajdalawgroup.com